**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER, | No. 15-15017 |
| Plaintiff - Appellant, | D.C. No. 2:14-cv-00804-GEB-AC |
| v. | |
| SUTTER AMADOR HOSPITAL; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted October 14, 2015**

Before:     SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Christopher D. Schneider appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action arising out of the disclosure of his medical

information and the subsequent suspension of his driver's license and pilot's

license. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007). We affirm.

The district court properly dismissed Schneider's claims against the Department of Motor Vehicles and the State of California because these defendants are entitled to Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

The district court properly dismissed Schneider's claims against the remaining defendants because they are not state actors subject to liability under § 1983. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) ("To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law.").

The district court did not abuse its discretion by denying Schneider leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that the district court may dismiss without leave to amend where amendment would be futile).

The district court did not abuse its discretion by denying Schneider's motion to seal the record because Schneider failed to show that there were compelling reasons to seal the record that were sufficient to outweigh the general policy in favor of public disclosure. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 & n.3 (9th Cir. 2006) (setting forth standard of review and factors for evaluating a motion to seal).

The district court did not abuse its discretion by denying Schneider's motion to stay because Schneider failed to show that he would suffer sufficient hardship or inequity. *See United States v. Peninsula Commc'ns, Inc.*, 287 F.3d 832, 838 (9th Cir. 2002) (standard of review); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (setting forth factors that a district court must weigh when granting or denying a stay).

We reject Schneider's contentions regarding the denial of his motion for a temporary restraining order because Schneider filed an interlocutory appeal from the denial, which we construed as a petition for mandamus and denied.

We reject Schneider's contentions regarding the district court's alleged delay in granting his application for ECF filing privileges and its inquiry into his medical information at the motion to dismiss hearing.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Schneider's request for injunctive relief, set forth in his opening brief, is denied.

Schneider's motion for judicial notice, filed on June 4, 2015, is denied.

**AFFIRMED.**

15-15017